# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| YOLANDO BLOUNT, | Case No. 18-CV-1317-MJD-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN BARNES, | |
| Respondent. | |

Petitioner Yolando Blount initiated this matter by filing a petition for a writ of habeas corpus.  *See* ECF No. 1; 28 U.S.C. § 2241.  Although it was clear from the petition that Ms. Blount was attempting to challenge the validity of a criminal sentence incurred in the United States District Court for the Middle District of Georgia, *See United States v. Blount*, No. 5:13-CR-0035-MTT-CHW (M.D. Ga. judgment entered Jan. 24, 2014), the exact basis for her challenge was murky.  Accordingly, this Court directed Ms. Blount to clarify the grounds upon which she sought habeas corpus relief.

Ms. Blount has since filed her response.  *See* ECF No. 3.  In that response, Ms. Blount clarifies that she is raising essentially three claims in these proceedings.  The first is that she was sentenced pursuant to a provision of the United States Sentencing Guidelines that has since been amended; she argues that she should be entitled to the benefit of this change.  The second is that the sentencing court wrongfully applied certain enhancements in determining her recommended sentence under the United States

Sentencing Guidelines.  The third is that she was ordered to pay nearly $500,000 in restitution based on *presumed* loss to the victim rather than *actual* loss.

As an initial matter, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition, unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention.  *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is often referred to as the "savings clause."  *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause.  It is clear, however, that the savings clause applies very narrowly.  For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition."  *Abdullah*, 392 F.3d at 959.  Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion is now barred as "second or successive."  *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th

Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Turning to Ms. Blount's claims:[1] First, Ms. Blount is correct that § 2255 does not provide a means for relief on her claim that her recommended sentencing range under the Sentencing Guidelines has been revised downward since the time of her criminal proceedings. Another statutory provision, however, allows a defendant to seek relief in the district of conviction where that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c). Because this alternative procedural opportunity exists to raise the challenge presented in Ms. Blount's petition, habeas corpus relief is neither necessary nor appropriate.[2] *See Abdullah*, 392 F.3d at 963.

---

[1] This matter remains before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Ms. Blount's petition is not governed by 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

[2] Ms. Blount is warned that, as a practical matter, the Guidelines revisions pursuant to which she appears to be seeking relief have not been applied retroactively. *See* U.S.S.G.

3

Second, to the extent that Ms. Blount believes that the Georgia court misapplied certain enhancement provisions of the Sentencing Guidelines *as those provisions applied at the time of sentencing*, she has had two opportunities upon which to raise those claims — on direct appeal, and in a motion for relief pursuant to 28 U.S.C. § 2255.[3]  There is no reasonable justification for waiting until habeas corpus proceedings in the district of conviction to present claims that could have been raised in a more appropriate venue at the appropriate time.

Third, Ms. Blount challenges the restitution amount imposed in Georgia.  A habeas petitioner can challenge a restitution obligation in habeas corpus proceedings, if at all, only in exceptional circumstances.  *See Sample v. Roal*, No. 09-CV-1943 (PAM/JJK), 2010 WL 2131002, at *4 (D. Minn. Mar. 1, 2010) (citing *Dohrmann v. United States*, 442 F.3d 1279 (11th Cir. 2006)); *Satterfield v. Scibana*, 275 Fed. App'x 808, 810 (10th Cir. 2008); *Campbell v. United States*, 330 Fed. App'x 482, 483 (5th Cir. 2009); *Lara v. Smith*, 132 Fed. App'x 420, 421 (3d Cir. 2005).  No such exceptional circumstances are present here.  Ms. Blount has not identified a relevant change in the law concerning restitution since the time of her sentencing and the Court is aware of none.  Thus, as with

---

§ 1B1.10; *United States v. Blanc*, 708 Fed. App'x 576, 580 (11th Cir. 2017) (per curiam); *United States v. Egwuekwe*, 668 Fed. App'x 421 (3d Cir. 2016) (per curiam).

[3] Even if a *direct* claim of Guidelines error would not have been cognizable under § 2255, *see Ayuso v. United States*, 361 Fed. App'x 988, 990-91 (11th Cir. 2010) (per curiam), a related claim of ineffective assistance of counsel with respect to her attorney's failure to object to the application of the Sentencing Guidelines could have been brought pursuant to § 2255.  Indeed, similar claims *were* presented in Ms. Blount's § 2255 proceedings and denied on the merits.

4

her claims that the Sentencing Guidelines were misapplied, she could have raised these grounds for relief on direct appeal.[4]

Accordingly, habeas corpus relief is not an appropriate remedy for any of the claims raised by Ms. Blount. It is therefore recommended that this matter be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Date:  July 3, 2018                             *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[4] This Court notes that Ms. Blount's plea agreement called for her to pay in restitution the exact amount that was imposed at sentencing. *See United States v. Blount*, ECF No. 37 ¶ 3(G).